

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2005

# Menear v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1471

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Menear v. Philadelphia" (2005). *2005 Decisions*. Paper 1568.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1568

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 04-1471

———————

ELWOOD MENEAR; MARJORIE MENEAR, H/W;
Appellants

v.

CITY OF PHILADELPHIA;
ALBERT JONES, POLICE OFFICER, BADGE NO. 9641;
SHIPPERT, SERGEANT

———————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 03-cv-03849)
District Judge:  Hon. Clarence C. Newcomer

———————

Argued December 13, 2004

BEFORE:  AMBRO, VAN ANTWERPEN and
STAPLETON, Circuit Judges

(Opinion Filed  January 12, 2005)

———————

John J. Branigan (Argued)
1122 Locust Street
Philadelphia, PA  19107
 Attorney for Appellants

Jeffrey S. Batoff
Daniel P. Finegan
Jonathan W. Hugg (Argued)
Obermayer, Rebmann, Maxwell and Hippel
1617 John F. Kennedy Boulevard
One Penn Center - 19th Floor
Philadelphia, PA  19103
  Attorneys for Appellees

———————

OPINION OF THE COURT

———————

STAPLETON, Circuit Judge:

This is an appeal from an order of the District Court in a civil rights action dismissing the plaintiff's complaint for failure to state a cause of action.  Accordingly, our review is based solely on the allegations of the complaint.  Because we write only for the parties, we will not summarize those allegations.  We will reverse and remand for further proceedings.

The complaint alleges that four months after 9/11, Captain Menear, a pilot for U.S. Airways, passed through a security checkpoint at the Philadelphia airport and set off an alarm.  This led to a body search of Menear.  During that search, Menear, admittedly frustrated, made the statement that he could "take the plane down in his underwear."  This led to his arrest, allegedly in violation of his right to be free from unreasonable seizure.

The District Court dismissed this claim because it concluded that the alleged facts

"support[ed] a finding of probable cause as to the arrest of the Plaintiff for making terroristic threats[1] and for disorderly conduct.[2]"

Unlike the District Court, we are unpersuaded that the allegations of the complaint foreclose Menear from any relief on this claim. On the contrary, we find it impossible to determine from the complaint whether no relief will be appropriate.

The complaint alleges that the arresting officers, Shippert and Jones, were not present when the facts relied upon by the District Court to show probable cause occurred.

---

[1]The Court noted that:
> The offense of terroristic threats is defined by the Pennsylvania legislature as follows:
>> A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:
>> (1) commit any crime of violence with intent to terrorize another;
>> (2) cause evacuation of a building, place of assembly or facility of public transportation; or
>> (3) otherwise cause serious public inconvenience, or cause terror or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience.

18 Pa. Cons. Stat. § 2706(a).

[2]Similarly, the Court noted that:
> The offense of disorderly conduct is defined as follows:
> A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
> (1) engages in fighting or threatening, or in violent or tumultuous behavior;
> (2) makes unreasonable noise;
> (3) uses obscene language, or makes an obscene gesture; or
> (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

18 Pa. Cons. Stat. § 5503(a).

3

The complaint does not allege what they were told or what they knew at the time of the arrest. As a result, it is impossible to tell without more information whether or not they had probable cause when they made the arrest.

In addition, the fair inference from paragraphs 23-26 and 44 of the complaint would appear to be that, as appellants put it in their brief, "Officer Jones only arrested Menear because he was ordered to do so by Sgt. Shippert who was following orders given to him by Tina Perry." Their theory seems to be that the arrest occurred as a result of the municipal policy alleged in ¶ 44:

> It is the policy and custom of the City of Philadelphia and the Philadelphia Police Department, by and through its police officers, to place under arrest any individual that is requested to be incarcerated by employees of U.S. Airways.

We are not prepared to hold that an arrest made for this reason would have been reasonable.

Finally, we note that, while the District Court assumed (without basis in the complaint) that the arresting officers had all of the knowledge possessed by Perry, it did not explain how that knowledge provided probable cause to believe each of the elements of the two cited offenses existed. As we have explained, we do not feel free to make the assumption that the District Court did. As a result, we are not prepared to say on the existing record whether probable cause could have existed or not. We believe, however, that the correct resolution of the probable cause issue is not obvious, that it turns on the full context known to the officer, and that it should be addressed only on a more fully

4

developed record.

Menear also insists that the arrest violated his First Amendment right to free speech because it resulted from his having expressed an opinion. The District Court dismissed this claim because at "a security checkpoint the government is free to regulate and even punish statements which pose a threat to airport or airplane security." App. at 8. While we do not question the legal principle underlying the District Court's holding, this, too, is an issue that should be addressed only in the context of a fuller record.

The District Court resolved the "Municipal Liability" claim on the ground that Menear's constitutional rights had not been violated. As we have indicated, we cannot endorse this finding based solely on the facts alleged in the complaint.

The judgment of the District Court will be reversed, and this case will be remanded to it for further proceedings.